**IN THE COURT OF APPEALS OF IOWA**

No. 21-0951
Filed June 29, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**DUKAN GATWECH WUOL,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.


　　Dukan Gatwech Wuol appeals the denial of his motion to suppress evidence and the exclusion of evidence at the suppression hearing. **AFFIRMED.**


　　Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

　　Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


　　Considered by Tabor, P.J., Ahlers, J., and Scott, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

Dukan Wuol seeks to exclude all evidence found after his vehicle was stopped by law enforcement, claiming the stop was unconstitutional. The district court denied Wuol's motion to suppress evidence, finding the stop supported by probable cause and reasonable suspicion. Wuol appeals this denial. He also asserts the district court improperly excluded impeachment evidence he offered at the suppression hearing.

## I.      Factual and Procedural Background

Around 12:30 a.m. on June 29, 2018, a Sioux City police officer was working with other officers conducting a traffic safety program. According to the officer's testimony, after working the program for some time, the officer noticed that the storage card for his dash camera was full, preventing him from recording video and audio of future traffic stops. As the officer was driving to return to the station to get a new storage card, he came across Wuol's vehicle on Interstate 29. The officer observed Wuol's vehicle swerve from the middle lane to the far left lane, cross the left edge line of the divided highway, overcorrect to the far right lane, cross the right edge line, and then return back to the left lane. Based on these observations, the officer initiated a traffic stop and identified Wuol as the driver of the vehicle. Based on evidence found in Wuol's car, Wuol was charged with three drug offenses.

Wuol testified at the suppression hearing. He contradicted the officer's testimony about how long the officer followed his vehicle before initiating a traffic stop. When asked if he crossed either the left or right edge line, he responded, "No, I don't think so. No."

The district court denied Wuol's suppression motion, specifically finding the officer's testimony credible. After the motion to suppress evidence was denied, the parties stipulated to a bench trial on the minutes. The district court found Wuol guilty of possession with intent to deliver cocaine as a habitual offender[1] and possession of marijuana,[2] but it found him not guilty of failure to affix a drug tax stamp.

Wuol appeals. He contends the district court erred in excluding evidence he introduced in an effort to impeach the officer's testimony. He also contends the court erred by not granting his motion to suppress evidence.

## II.     Exclusion of Impeachment Evidence

Due to the storage card being full in the officer's vehicle, there is no audio or video recording of the claimed traffic violations or the interaction between the officer and Wuol after the stop occurred, thus there is no corroboration of the officer's or Wuol's testimony. Viewing the issue as a credibility contest between the officer and Wuol, Wuol attempted to impeach the officer's credibility by offering into evidence an order granting a motion to suppress in an unrelated case in which the same officer was involved. In the unrelated case, the officer testified that the defendant in that case committed a traffic violation when video later showed the defendant actually did not. The State objected to Wuol's attempt to offer the unrelated ruling, and the district court sustained the objection. Because the officer testified that he did not recall the specific incident, not that it never happened, the

---

[1] *See* Iowa Code §§ 124.401(1)(c)(2), 902.8 (2018).
[2] *See* Iowa Code § 124.401(5).

court determined it was improper impeachment evidence. Wuol contends the district court improperly excluded the unrelated suppression order evidence.

Evidentiary rulings are reviewed for an abuse of discretion.[3] Abuse of discretion in making an evidentiary ruling occurs if the ruling is based on grounds or reasons that are clearly untenable, on grounds that are clearly unreasonable, or on an erroneous application of the law.[4] Even if an abuse of discretion occurred, we will not reverse if error was harmless.[5]

Wuol argues that the suppression order from the other case should have been admitted as impeachment evidence against the officer because resolution of the suppression issue in this case boils down to a credibility battle between the officer and Wuol. However, we find that the district court properly excluded the evidence. Iowa Rule of Evidence 5.608(b) permits cross-examination of a witness about specific instances of a witness's conduct in order to attack the witness's character for truthfulness, but it expressly prohibits extrinsic evidence of such conduct. The rule was followed here. Wuol was permitted to cross-examine the officer about the officer's conduct in the other case, but Wuol was prohibited from introducing extrinsic evidence in the form of the other case's suppression ruling. We find no abuse of discretion in the district court's decision excluding this evidence. Further, even if the evidence had been wrongly excluded, there was no prejudice to Wuol, as the same evidence that he sought to introduce via the

---

[3] *State v. Thoren*, 970 N.W.2d 611, 620 (Iowa 2022).
[4] *Thoren*, 970 N.W.2d at 620.
[5] *State v. Richards*, 879 N.W.2d 140, 145 (Iowa 2016); *see also* Iowa R. Evid. 5.103(a) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party . . . .").

documentation of the prior ruling was essentially presented to the district court through cross-examination of the officer. We find no error by the district court in the exclusion of the evidence.

## III.    Suppression Ruling

Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect individuals from unreasonable searches and seizures.[6]  Wuol's brief does not make it clear which constitutional provision he is claiming was violated, but we note that he does not propose applying a different standard under Iowa's search-and-seizure provision than under the federal search-and-seizure provision. Therefore, we apply the general standards articulated by the United States Supreme Court under the Fourth Amendment.[7]

We review constitutional claims regarding suppression of evidence de novo.[8]  In doing so, we "independently evaluate the totality of the circumstances."[9] We are deferential to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by them.[10]

A traffic stop of a vehicle is a seizure.[11]  Such a seizure is permitted under both constitutions if it is "supported by probable cause or reasonable suspicion of

---

[6] *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013).
[7] *See Tyler*, 830 N.W.2d at 292 ("Because Tyler has not proposed a standard for interpreting our search and seizure provisions under the Iowa Constitution differently from its federal constitutional counterpart, we will apply the general standards as outlined by the United State Supreme Court for addressing a search and seizure challenge under the Iowa Constitution.").
[8] *State v. Hauge*, 973 N.W.2d 453, 458 (Iowa 2022).
[9] *Hauge*, 973 N.W.2d at 458.
[10] *Hauge*, 973 N.W.2d at 458.
[11] *Tyler*, 830 N.W.2d at 292.

a crime."[12]   Probable cause supports an arrest, whereas reasonable suspicion allows an officer to stop and briefly detain a person to conduct further investigation.[13]   Generally, an officer's observation of a traffic offense justifies a stop by creating both probable cause and reasonable suspicion to investigate.[14]

Wuol contends he was improperly stopped because he did not swerve between lanes and, even if he did, there was no probable cause to stop his vehicle for violating Iowa Code section 321.306 because there were no other vehicles affected by his movement.[15]   The State counters that there was probable cause for the stop based on a violation of section 321.306 and, even if there wasn't, Wuol's driving irregularities provided reasonable suspicion to justify an investigatory stop.

Wuol's argument depends largely on his claim that he did not engage in the erratic driving observed by the officer.  However, the district court—which had the opportunity to personally observe the officer's and Wuol's testimony—expressly found the officer's testimony credible.  While we are not bound by this credibility finding, we give it considerable weight.[16]   Giving due deference to the district court's credibility findings, we conclude Wuol engaged in the erratic driving described by the officer.  The officer was not looking for traffic violations, as his

---

[12] *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015).

[13] *McIver*, 858 N.W.2d at 702.

[14] *McIver*, 858 N.W.2d at 702.

[15] *See* Iowa Code § 321.306(1) ("A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.").

[16] *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but are not bound by them.").

mission was to return to the station, retrieve a new memory card for his camera, and return to working with other officers in conducting the safety program that was still underway. Under these circumstances, there was little incentive for the officer to be looking to make a traffic stop, suggesting that Wuol's driving was remarkably erratic enough to catch the officer's attention. It is also worth noting that, in his testimony, Wuol's denial of erratic driving was equivocal at best. As noted, when asked whether he crossed either the left or right edge lines, he responded, "No, I don't think so. No." Given this half-hearted denial, coupled with the officer's description that the district court found credible, we conclude that Wuol was driving in the manner described by the officer.

The next question is whether such driving warranted an investigatory stop. We begin with reasonable suspicion. "When a person challenges a stop on the basis that reasonable suspicion did not exist, the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred."[17] In *State v. Tague*, our supreme court recognized that drivers are not expected to drive in a perfectly straight line, and an isolated, one-time drift over an edge line of a divided highway does not justify a stop.[18] Wuol's driving was much more erratic than that exhibited in *Tague*, and the record persuades us the officer had reasonable suspicion that justified stopping Wuol to investigate what was causing the erratic driving. Wuol was observed driving erratically in the early morning hours, when people may be

---

[17] *Tague*, 676 N.W.2d at 204.
[18] *Tague*, 676 N.W.2d at 205–06.

driving home from the bars.[19] Unlike in *Tague*, where the driver momentarily crossed the center edge line one time, Wuol swerved from his center lane to the left lane, crossed the left edge line, overcorrected into the right lane, crossed the right edge line, and then returned to the left lane, all within a matter of seconds. Weaving between lanes can be characteristic of intoxicated driving.[20] Given the totality of the circumstances, there were articulable facts that gave the officer reasonable suspicion to believe that criminal activity may be occurring to justify the stop of Wuol's vehicle. The fact that Wuol was not ultimately charged with operating while intoxicated does not negate the legitimacy of the stop to investigate for that crime.

As there was reasonable suspicion for the officer to conduct an investigatory stop of Wuol's vehicle based on his erratic driving, we affirm the denial of Wuol's suppression motion. Having affirmed on that basis, we need not address whether there was probable cause to believe Wuol violated Iowa Code section 321.306.

## IV. Conclusion

The district court did not abuse its discretion in excluding evidence attempting to impeach the credibility of the officer that stopped Wuol. As there was reasonable suspicion to justify an investigatory stop of Wuol's vehicle, the district court properly denied Wuol's suppression motion.

**AFFIRMED.**

---

[19] *See State v. Byrne*, No. 09-0254, 2009 WL 3379106, at *3 (Iowa Ct. App. Oct. 21, 2009) (considering time of day when people may be driving home from the bars as a factor in justifying an investigatory stop).

[20] *See State v. Keith*, No. 17-1044, 2018 WL 2174089, *2 (Iowa Ct. App. Apr. 4, 2018) (collecting cases stating that weaving while driving is supportive of an investigatory stop for suspicion of drunk driving).